Mehmood v. Lynch

BIA
Christensen, IJ
A88 426 889

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

ZAFAR MEHMOOD, AKA MEHMOOD ZAFAR,
AKA ZAFIR MEHMOOD, AKA RAJA QASIM,
AKA ZAGAR MEHMOOD, AKA OSIN RAJA,
> *Petitioner,*

> v.                                        14-4672
>                                           NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        John W. Reeves, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Anthony
                       P. Nicastro, Acting Assistant
                       Director; Bernard A. Joseph, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zafar Mehmood, a native and citizen of Pakistan, seeks review of a November 14, 2014, decision of the BIA, affirming a January 14, 2013, decision of an Immigration Judge ("IJ") denying Mehmood's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Zafar Mehmood,* No. A88 426 889 (B.I.A. Nov. 14, 2014), *aff'g* No. A88 426 889 (Immig. Ct. N.Y. City Jan. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B)*; see also Yanquin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Mehmood does not challenge the agency's denial of CAT relief on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues

2

not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

I. <u>Past Persecution</u>

The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). A past persecution finding can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id.*

The agency did not err in finding that Mehmood's past harm did not rise to the level of persecution. *See Ivanishvili*, 433 F.3d at 341. Mehmood testified that he was never physically harmed by political opponents in Pakistan, and the agency reasonably concluded that the unfulfilled threats he received did not amount to persecution. *See Ci Pan v. U.S. Att'y*

3

*General*, 449 F.3d 408, 412-13 (2d Cir. 2006) ("This Court, and others, previously have rejected similar claims involving 'unfulfilled' threats." (collecting cases)); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that a "threat of detention . . . itself . . . is not past persecution").  Mehmood offers no evidence linking the one episode he refers to that arguably rises above this level, the alleged arson of his family home when he was no more than two years old, to any political motive, and his testimony at his hearing is insufficient to suggest that the fire was intentionally set, or even that it was targeted at his family, rather than being part of a general conflagration in the city. The agency, on this record, reasonably determined that Mehmood did not suffer past persecution.  *See Ivanishvili*, 433 F.3d at 341; *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citations omitted)).

II.  Well-Founded Fear of Persecution

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(2).  To establish a well-founded fear, an applicant must show that he subjectively

4

fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

The agency reasonably concluded that Mehmood failed to establish an objectively reasonable fear of persecution based on his past or prospective political activities in Pakistan. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best"); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). Mehmood's past political activities were limited to election campaigning in 1986 and 1987; he left Pakistan in 1989; he did not engage in any political activities in the United States; he did not describe what any future political activities might entail; and, to the extent he feared harm based on his father's political activities, his father had died more than thirty years ago. The agency, on this record, did not err in concluding that Mehmood failed to meet his burden of demonstrating a well-founded fear of persecution. *See Jian Xing Huang*, 421 F.3d at 129; *Hongsheng Leng*, 528 F.3d at 143.

Because Mehmood failed to demonstrate past persecution or a well-founded fear of persecution, the agency did not err in denying asylum and withholding of removal. *See Ramsameachire*, 357 F.3d at 178 (explaining that an alien who fails to establish his entitlement to asylum "necessarily fails to establish his entitlement to withholding of removal" because withholding of removal entails a higher burden of proof).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6